# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                        Case No. 10-20083-01-JWL

**Jeffrey Lichtenberger,**

      **Defendant.**

## MEMORANDUM & ORDER

In December 2010, defendant Jeffrey Lichtenberger pled guilty to conspiracy to distribute and possess with intent to distribute 5 grams or more of crack cocaine, resulting in a mandatory minimum sentence of 60 months by virtue of 21 U.S.C. § 841(b)(1)(B)(iii). In March 2011, the court sentenced Mr. Lichtenberger on the conspiracy count to the mandatory minimum sentence of 60 months and further ordered that 24 months be served concurrently with a 136-month sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV and that 36 months be served consecutively to the sentence imposed in that case. Finally, the court sentenced Mr. Lichtenberger to one-day imprisonment pursuant to 18 U.S.C. § 3147 to be served consecutively to the sentence imposed on the conspiracy count.[1] The sentence imposed by the court was based upon a joint recommendation of the parties.

On August 3, 2013, Congress enacted the Fair Sentencing Act to reduce the sentencing disparity between crack cocaine and powder cocaine offenses. *United States v. Curtis*, 516 Fed.

---

[1] Because the offense was committed while on pretrial release for a felony federal offense, the court was required to impose a consecutive sentence of imprisonment under 18 U.S.C. § 3147 in addition to the sentence for the underlying offense. *See* U.S.S.G. § 3C1.3.

Appx. 706, 707 (10th Cir. June 20, 2013). Pertinent to Mr. Lichtenberger's case, it increased the amount of crack cocaine necessary to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. *Id.* Relying on this amendment, Mr. Lichtenberger now moves to modify or correct an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Specifically, Mr. Lichtenberger seeks to have the court reduce his sentence from 60 months to 33 months—the low end of the advisory guideline range (33-41 months) established in the presentence investigation report.

The government concedes that Mr. Lichtenberger, pursuant to the Fair Sentencing Act, is no longer subject to a mandatory minimum sentence and that he is eligible for a sentence reduction under § 3582(c)(2). Nonetheless, the government contends that Mr. Lichtenberger's sentence, for a variety of reasons, should not be reduced. Only one of those reasons is persuasive to the court—that the net effect of the parties' sentencing recommendation to the court (and the court's apportionment of Mr. Lichtenberger's 60-month sentence) is that Mr. Lichtenberger is serving a 36-month sentence for the offense, which is within the guideline range established by the presentence report. Indeed, the court, in its Statement of Reasons, expressly indicated that Mr. Lichtenberger's partially concurrent sentence was intended to reflect that, but for the mandatory minimum sentence, he would have received a sentence in the range of 33 to 41 months.

Mr. Lichtenberger, however, suggests that the court should reduce his sentence from 60 months to 33 months and have his sentence run concurrently with the 136-month sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV. While the court agrees that Mr. Lichtenberger's sentence should be reduced to 33 months (as there is no reason

why the court would not have sentenced Mr. Lichtenberger at the low-end of the advisory guideline range), Mr. Lichtenberger's suggestion that the entirety of his modified sentence run concurrently with the previously imposed sentence would result in a windfall to Mr. Lichtenberger because his initial sentence was intended to reflect a guidelines sentence rather than the mandatory minimum sentence. Under Mr. Lichtenberger's approach, he would essentially serve no time whatsoever for the offense charged in this case.

For the foregoing reasons, the court finds that Mr. Lichtenberger's sentence of 60 months and 1 day (of which 24 months was to be served concurrently with the sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV and 36 months was to be served consecutively to the sentence previously imposed in that case and 1 day was to be served consecutively to the sentence imposed on Count 1) shall be modified to a total sentence of 33 months and 1 day. Mr. Lichtenberger shall serve 33 months' imprisonment on Count 1, all of which shall be served consecutively to the sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV, and shall serve 1 day's imprisonment pursuant to 18 U.S.C. § 3147 which shall be served consecutively to the sentence imposed on Count 1. All other aspects of the original Judgment shall remain the same.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Lichtenberger's motion for retroactive application of sentencing guidelines (doc. 49) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Lichtenberger's sentence of 60 months and 1 day (of which 24 months was to be served concurrently with the sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV and 36 months was to be served consecutively to the sentence previously imposed in that case and 1 day was to be served consecutively to the sentence imposed on Count 1) shall be modified to a total sentence of 33 months and 1 day. Mr. Lichtenberger shall serve 33 months' imprisonment on Count 1, all of which shall be served consecutively to the sentence previously imposed in District of Kansas Docket 10-CR-20006-01-KHV, and shall serve 1 day's imprisonment pursuant to 18 U.S.C. § 3147 which shall be served consecutively to the sentence imposed on Count 1. All other aspects of the original Judgment shall remain the same.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2014, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge